## B. C. LIVINGSTON v. THE STATE.

No. 3078.   Decided December 7, 1904.

**Aggravated Assault—Evidence—Former Indecent Proposals.**

Where the evidence showed that the father struck his daughter for refusing to go with him to pick cotton unless her mother accompanied her, it was error to admit in evidence former repeated attempts of the father to have carnal intercourse with said daughter, she having assigned no reason for her disobedience of her father's command to go with him to pick cotton, and it not having been shown that the assault originated about these matters, which occurred some time before the assault.

Appeal from the County Court of Lamar.   Tried below before Hon. John W. Love.

Appeal from a conviction of aggravated assault; penalty, two years confinement in the county jail.

The opinion states the case.

No brief for appellant on file.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at confinement in the county jail for a period of two years; hence this appeal.

The assault is shown to have been committed by appellant on his daughter, Ila Livingston.  She testified that she was 19 years old, and lived with her father and mother, near Maxey, Lamar County.  Her brother, Dellie (21 years of age) also lived with them.  "On the 10th of September, 1904, my father wanted me to go with him to the farm down in the timber three or four miles north of Maxey, to pick some cotton to finish out a bale.  The wagon with the cotton that had been picked was already in the field.  He said I could ride down in the buggy with him, and my brother could take the horses down to haul the cotton back to the gin.  At the breakfast table, he spoke about me going to pick cotton.  I told him I did not want to go unless mother went with me.  Father said that there was no use in mother going; and mother said she wanted to go, and father said that she was not well and she was not going.  I told him then that I would not go unless mother went too.  He says, 'You will go.'  I said, I would not.  Then he said you will do as I tell you (or I will kill you).  I said, again, 'I won't go without my mother.'  Then he got up and slapped me with his open hand on the side of the face.  I ran into another room and he followed me and slapped me again; and said I'd go or he would kill me. I told him just to kill me then that I would not go alone with him without mother.  About that time my brother, Dellie, caught hold of father, and he turned on him, and they scuffled some; then he turned brother loose."  The testimony of the mother and brother of prosecutrix is not

variant from this. Appellant testified on his own behalf substantially to the same effect. He further testified that he struck her a light blow, and did not hurt or bruise her. In addition to this evidence, the prosecutrix testified to repeated attempts of the father to have intercourse with her, extending back several years, down to within a month or two before the alleged assault. Indeed, according to her testimony, every time he got an opportunity he would insist on having intercourse with her, which she repeatedly declined. Appellant denies this, and states that it was a job that they had put up on him.

There is a bill of exceptions in the record with reference to this testimony of previous attempts on the part of appellant to have intercourse with his daughter,—prosecutrix. Appellant objected to this testimony, because it was not a part of the res gestæ, and did not relate to anything that happened at the time the assault is alleged to have been committed, and was not relevant, because it did not support the issue; and it is immaterial, because it relates to a collateral issue, and its admission tended only to prejudice defendant's rights before the jury. We think appellant's exceptions are well taken. The bill shows that these matters occurred sometime before the alleged assault, some of them extending back three or four years. It is not shown that the assault originated about these matters. Prosecutrix assigned no reason for her disobedience of her father's command to go with him to pick cotton. For ought that appears she simply refused to go with him, without her mother's company: a simple act of disobedience unexplained. If she had assigned this matter as ground for refusal, a different question would be presented. Under the circumstances it does not occur to us that the testimony was admissible, and the court should have sustained the objection. Because of the error of the court in admitting this evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*